[Cite as *State v. Howell*, 2026-Ohio-2470.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ANGEL MARIE HOWELL,

    DEFENDANT-APPELLANT.

CASE NO. 6-26-01

OPINION AND
JUDGMENT ENTRY

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20232123

**Judgment Affirmed**

**Date of Decision: June 29, 2026**

APPEARANCES:

    *Colin Cochran* **for Appellant**

    *Morgan S. Fish* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Angel Howell ("Howell"), appeals the January 8, 2026 judgment of the Hardin County Court of Common Pleas in which the trial court revoked Howell's judicial release and reimposed the balance of her previously imposed prison sentence. For the reasons set forth below, we affirm.

*Procedural History*

{¶2} This case originated on June 12, 2023, when a Hardin County grand jury returned a 7-count indictment against Howell, charging her as follows: Count 1 – Aggravated Trafficking in Drugs, a fourth-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(a); Count 2 – Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a); Count 3 – Trafficking in Drugs, a fifth-degree felony in violation of R.C. 2925.03(A)(1) and (C)(2)(a); Count 4 – Aggravated Trafficking in Drugs, a third-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(c); Count 5 – Aggravated Possession of Drugs, a third-degree felony in violation of R.C. 2925.11(A) and (C)(1)(b); Count 6 – Aggravated Trafficking in Drugs, a fourth-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(a); and Count 7 – Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a).

{¶3} On September 11, 2023, an arraignment was held and Howell entered an initial plea of not guilty to the indictment.

{¶4} On October 18, 2023, the case was resolved with a negotiated plea of guilty. At that time, Howell pled guilty to Counts 1 and 4 of the indictment. In exchange for Howell's guilty plea to those two counts, the State of Ohio agreed to dismiss the remaining counts of the indictment. The trial court accepted Howell's guilty plea, and ordered a presentence investigation.

{¶5} On November 13, 2023, a sentencing hearing was held. The trial court sentenced Howell to 17 months in prison on Count 1 and to 30 months in prison on Count 4, with the sentences to be served consecutively.

{¶6} On May 13, 2024, Howell filed a motion for judicial release. On May 21, 2024, the trial court filed a judgment entry overruling the motion for judicial release without a hearing.

{¶7} On July 24, 2024, Howell filed another motion for judicial release.

{¶8} On September 12, 2024, the trial court held a hearing on Howell's pending motion for judicial release. By judgment entry filed on September 13, 2024, the trial court found the motion to be well taken and granted the same. The trial court ordered that Howell be placed on five years of community control, subject to the terms and conditions specified by the trial court.

{¶9} On February 4, 2025, the trial court filed a judgment entry reflecting that a hearing had been held with regard to a request by Howell to participate in the trial court's Recovery Court program. The trial court found Howell to be an eligible candidate for Recovery Court, and ordered that Howell be accepted into that

program. The trial court ordered that Howell's community control be modified to include an additional special term requiring Howell to enter and successfully complete the Hardin County Recovery Court program.

{¶10} On December 1, 2025, the State of Ohio filed a motion to terminate Howell's participation in Recovery Court. Attached to that motion was the affidavit of Olivia Huss, the Recovery Court administrator, in which Huss averred that Howell had failed to comply with the terms of her Recovery Court Participation Agreement and other terms and conditions imposed by the program and the trial court. In support of the alleged violations, the affidavit asserted that on November 5, 2025, Howell did not attend a trauma group as required, and that on November 6, 2025, Howell did not present herself for a drug screen at a treatment facility, which was also a program requirement.

{¶11} On December 11, 2025, a hearing was held on the alleged Recovery Court violations. At that time, Howell admitted the violations alleged in the affidavit filed in support of the motion to terminate her from the Recovery Court program. As a result, the trial court found that Howell had violated the terms of her Recovery Court agreement and ordered that Howell be terminated from the program. At that time, Howell was remanded to custody pending further proceedings in the case.

{¶12} On December 16, 2025, the State of Ohio filed a motion to revoke Howell's community control that had been granted pursuant to her judicial

release. Attached to that motion was the affidavit of community corrections officer Tyler Overly, in which Overly averred that Howell had violated the terms of her community control by failing to successfully complete the Recovery Court program.

{¶13} On January 8, 2026, a hearing was held on the alleged community control violation. At that time, Howell waived her right to an evidentiary hearing and admitted that she had violated the terms of her community control and judicial release by failing to successfully complete the Recovery Court program. The trial court then revoked Howell's judicial release and ordered that Howell be returned to prison to serve the remaining balance of the prison terms ordered at the original sentencing. On that same date, the trial court journalized its orders regarding the community control violation and the imposition of the remainder of Howell's original prison sentence.

{¶14} On January 13, 2026, Howell filed this appeal, in which she raises two assignments of error.

**First Assignment of Error**

**Appellant's sentence was contrary to law where the trial court imposed a sentence based on factors and considerations extraneous to those permitted by R.C. 2929.11 and R.C. 2929.12.**

**Second Assignment of Error**

**Appellant's due process rights were violated where appellant received an unfair tribunal.**

*Analysis of Assignments of Error*

*First Assignment of Error*

{¶15} In the first assignment of error, Howell asserts that her prison sentence is contrary to law. Specifically, Howell argues that the trial court, when reimposing the balance of Howell's original prison terms on January 8, 2026, erroneously imposed a sentence based on factors or considerations extraneous to those permitted by R.C. 2929.11 and R.C. 2929.12.

{¶16} R.C. 2929.11, the first statute relied upon by Howell, sets forth the purposes of felony sentencing. R.C. 2929.11(A) dictates that "the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A) then goes on to list factors that a sentencing court must consider in achieving the purposes of felony sentencing, while R.C. 2929.11(B) provides that a sentence imposed for a felony must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and must also be consistent with sentences imposed for similar crimes committed by similar offenders. Finally, R.C. 2929.11(C) provides that a sentence imposed for a felony shall not be based on the race, ethnic background, gender, or religion of the offender.

**{¶17}** The second statute relied on by Howell on appeal, R.C. 2929.12, governs the factors relating to the seriousness of the crime at issue and recidivism factors that trial courts must consider when imposing sentence for a felony. R.C. 2929.12(B) sets forth ten potential factors indicating that an offender's conduct is more serious than conduct normally constituting the offense, while R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) then each list five factors that trial courts are to consider that indicate an offender is likely to commit future crimes or is not likely to commit future crimes, respectively. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record, if any.

**{¶18}** Generally, R.C. 2953.08(G) governs our review of felony sentences and the standard of review normally applicable to sentence-related claims is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 2016-Ohio-1002; R.C. 2953.08.

**{¶19}** However, a trial court's decision revoking community control following judicial release under R.C. 2929.20(K) for failure to comply with its terms is a decision to be reviewed for an abuse of discretion. *See, e.g., State v. Matos*, 2024-Ohio-5864, ¶ 9 (3d Dist.), citing *State v. Arm*, 2014-Ohio-3771, ¶ 22 (3d Dist.).

**{¶20}** In this case, as Howell's appeal is from the trial court's decision revoking her judicial release, the applicable standard of review on appeal would be abuse of discretion as to the claimed error regarding that decision of the trial court.

**{¶21}** However, as this Court explained in *State v. Alexander*, 2008-Ohio-1485 (3d Dist.):

> "[T]he rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term 'community control' in reference to the status of an offender when granted early judicial release." *State v. Mann,* 3rd Dist. No. 3-03-42, 2004 Ohio 4703, at P 6. The difference between R.C. 2929.15 and 2929.20 is that under R.C. 2929.15, the defendant's original sentence is community control, and he or she will not receive a term of incarceration unless he or she violates the community control sanctions. *Id*., at P 7, citing *State v. McConnell,* 143 Ohio App.3d 219, 224-225, 757 N.E.2d 1167, 2001 Ohio 2129, citing *State v. Gardner*, 3rd Dist. No. 14-99-24, 1999 Ohio 938. By contrast, when a defendant is granted judicial release, he or she has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction. *Id*., at P 8, citing R.C. 2929.20(I). Should the defendant violate the terms of the community control sanctions while on judicial release, the trial court may reimpose the remainder of the original sentence. *Id*., citing R.C. 2929.20(I); *State v. Wiley,* 148 Ohio App.3d 82, 772 N.E.2d 160, 2002 Ohio 460.

*Alexander*, at ¶ 7.

**{¶22}** Thus, in the instant case, while Howell does not contest her original conviction, she is indirectly challenging the original sentence imposed by the trial court. As Howell's challenge to her prison terms in this appeal, and the sentencing

statutes on which she relies, relate to the original sentence imposed in this case by the trial court on November 13, 2023, those arguments are barred by the doctrine of res judicata.

{¶23} Res judicata prohibits a party from raising, in any proceeding other than a direct appeal, any claim that was raised or could have been raised in the direct appeal. *State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967). In particular, sentencing issues not raised in a direct appeal are barred by res judicata and cannot be raised as a collateral attack on the sentence itself in appeals of decisions denying a motion for resentencing or revoking judicial release. *See State v. Wilhite*, 2007-Ohio-116, ¶ 16 (3d Dist.) (in an appeal of a decision revoking judicial release, a defendant "indirectly challenging the original sentence * * * is barred by the doctrine of res judicata").

{¶24} The first assignment of error is therefore overruled.

*Second Assignment of Error*

{¶25} In the second assignment of error, Howell contends that the trial court judge exhibited bias at the Recovery Court violation hearing on December 11, 2025, and at the judicial release/community control violation hearing on January 8, 2026, and therefore was not impartial as required by law.

{¶26} In support of her claim, Howell points to comments made by the trial court at the December 11, 2025 hearing. At a point in that hearing subsequent to Howell's admission to violating the Recovery Court rules, the trial court discussed

with Howell her noncompliance with the terms of community control. In doing so, the trial judge observed that he was familiar with Howell from years before at juvenile court, and noted that she never seemed serious about getting help with her addiction except when she was on the verge of going to prison. The trial court also pointed out that the instant case had been pending since 2023 and, while Howell had spent a year on community control at that time, she had not been successful. In response, Howell begged the court for one more chance, arguing that she had turned her life around. The trial judge responded that he had no reason to believe that, based on her actions, and therefore he was terminating her from the Recovery Court program.

{¶27} In asserting that the trial court lacked impartiality, Howell also points to comments made by the judge at the January 8, 2026 hearing. In those comments, the trial court noted that while Howell had been trafficking in drugs in this case, the court had given Howell more breaks than most people, including the opportunity for judicial release. However, the trial court noted that, at that time, it was unwilling to continue Howell on community control when she had not demonstrated successful compliance with the terms of supervision. The trial court added that, to do otherwise, would render the conditions of community control meaningless and the trial court stated that it was not willing to set such a precedent in the community.

{¶28} It is well settled that a criminal proceeding before a biased judge is fundamentally unfair and denies a defendant due process of law. *State v. LaMar*,

2002-Ohio-2128, ¶ 34, citing *Rose v. Clark*, 478 U.S. 570, 577 (1986); *Tumey v. Ohio*, 273 U.S. 510, 534 (1927). The Supreme Court of Ohio has described judicial bias as "'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *LaMar*, at ¶ 34, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, paragraph four of the syllabus (1956).

**{¶29}** "'Judges are presumed not to be biased or prejudiced toward those appearing before them, and a party alleging bias or prejudice must present evidence to overcome the presumption.'" *State v. Smith*, 2024-Ohio-2187, ¶ 10 (1st Dist.), quoting *State v. Sharp*, 2020-Ohio-3497, ¶ 11 (12th Dist.). Therefore, "'[t]he evidence must demonstrate an appearance of bias or prejudice compelling enough to overcome the presumption of judicial integrity.'" *Smith* at ¶ 10, quoting *Sharp* at ¶ 11.

**{¶30}** In the instant case, as Howell raised no objection in the trial court regarding the judge's impartiality, she has waived all but plain error on appeal. *See, e.g*, *State v. Huffman*, 2026-Ohio-1618, ¶ 44 (3d Dist.) ("[t]he failure to raise a proper objection at trial waives all but plain error on appeal"); *State v. Clay*, 2008-Ohio-1415, ¶ 20 (8th Dist.) (failing to raise any argument in the trial court regarding the judge's impartiality waives all but plain error on appeal).

**{¶31}** "To demonstrate plain error under Crim.R. 52(B), the party asserting error must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *State v. Bond*, 2022-Ohio-4150, ¶ 17. "'We recognize plain error with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.'" *State v. Schmelzer*, 2024-Ohio-5987, ¶ 36 (3d Dist.), quoting *State v. Harrison*, 2015-Ohio-1419, ¶ 69 (3d Dist.).

**{¶32}** Following our review of the record in this case, we find no indication that the trial judge exhibited hostility toward Howell, nor did the court appear to have a fixed anticipatory judgment. While the trial judge did express dismay over Howell's failure to comply with the terms of her community control while on judicial release, the record does not reflect that the trial court's concern impacted its objectivity. Additionally, while the trial court indicated that it was unwilling to give Howell any further chances at community control in this case, it is clear from the record that the court's decision was based on Howell's documented lack of success while on supervision, not on any personal ill will toward Howell. In sum, we find no evidence of an appearance of bias or prejudice, let alone evidence compelling enough to overcome the presumption of judicial integrity or to rise to the level of plain error.

**{¶33}** The second assignment of error is overruled.

*Conclusion*

**{¶34}** Having found no error prejudicial to the defendant-appellant, Angel Howell, in the particulars assigned and argued, the judgment of the Hardin County Court of Common Pleas is affirmed.

***Judgment affirmed***

**ZIMMERMAN, P.J., and MILLER, J., concur**

Case No. 6-26-01

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/jlm

-14-